## BENAIAH MORSE *vs.* SILAS GODDARD.

If a lessee, to prevent being actually expelled from the demised premises, yields the possession thereof, and attorns, in good faith, to one who has a title paramount to that of the lessee and his lessor, and also a right to immediate possession, this is equivalent to an actual ouster, and is a good defence to an action, brought by the lessor against the lessee, for rent.

THIS was an action of debt, brought to recover five dollars, the amount of one month's rent of a tenement. At the trial in the court of common pleas, before *Washburn*, J. on appeal from a justice of the peace, the plaintiff put into the case a lease, made by him to the defendant, dated January 6th 1846, of a certain tenement, for one year, reserving rent in monthly payments, and stated that the action was brought for the rent of the month ending April 6th 1846. The defendant admitted that he entered into the tenement, under the lease

and that he was still in possession. But he proposed to show, in defence, that in February 1846, W. M. Benedict and P. Merrick, being the owners of the tenement, entered into the same, and required the defendant to pay rent to them, and that he, in order to prevent being expelled therefrom, agreed to pay rent to them, after that time. The plaintiff objected to the competency of such evidence ; but the court ruled that it was admissible. Thereupon the defendant introduced evidence tending to show that, on the 21st of February 1846, the attorney of said Benedict and Merrick (in company with two witnesses) met the plaintiff in the street, and informed him that he was going to take possession of that part of the house in which the defendant lived ; that said attorney and two witnesses went to the house, and went into the part occupied by the defendant, and told him they had come to turn him out unless he would agree to attorn, and become the tenant of said Benedict and Merrick, and pay rent to them ; that the defendant yielded, and agreed so to pay rent ; that they went from the house, and found the plaintiff, and told him what had been done, and what the defendant had agreed to do. It did not appear that any evidence was shown to the defendant, at that time, of any title in Benedict and Merrick. In order to prove their title at the trial, the defendant introduced sundry deeds, and other evidence. [See *Benedict* v. *Morse,* 10 Met. 223.]

The judge instructed the jury, that if the defendant *bona fide* yielded possession of the premises to Benedict and Merrick, to prevent being actually expelled, and the plaintiff then had notice of this ; and if the defendant had satisfactorily proved that Benedict and Merrick owned the estate by a good title, and had a right to take immediate possession, at the time when they undertook to turn the defendant out of possession — their title and possession being adverse to those of the defendant and his lessor — such yielding of possession was equivalent to an actual ouster, and was competent evidence in defence to the plaintiff's claim, sued in this action, for rent accruing after such yielding of possession ; the burden of proof being upon the defendant.

The jury returned a verdict for the defendant, and the plaintiff excepted to the judge's instructions.

*Bridges*, for the plaintiff, cited 1 Phil. Ev. (8th ed.) 342, note (2). *Doe v. Smythe*, 4 M. & S. 347. *Cobb v. Arnold*, 8 Met. 398. *Pendleton v. Dyett*, 4 Cow. 581. *Doe v. Mills*, 2 Adolph. & Ellis, 17. 2 Leigh's Nisi Prius, 723.

*Randa'l & Hartshorn*, for the defendant, were stopped by the court.

SHAW, C. J. In a justice action of debt for a month's rent, the defence was, that the defendant had been ousted, by persons having a paramount title, before the commencement of the time for which the rent was claimed.

The defendant offered evidence to show, that persons having a valid title, paramount to that of the defendant and his lessor, the plaintiff, and having an immediate right of entry, and of possession under it, made an actual entry on the premises, and required the defendant to pay rent to them from the time of such entry, or quit the premises. But it is objected to this defence, that a tenant cannot contest the title of his lessor, nor set up a paramount adverse title in a third person And we think it well settled, that a lessee, taking the estate of his lessor, and entering into possession under it, admits his title, and is estopped from denying that title ; or, what is in effect the same thing, is estopped from setting up an outstanding title in a third person. *Doe v. Smythe*, 4 M. & S. 347. *Doe v. Mills*, 2 Adolph. & Ellis, 17. But this is not inconsistent with another rule, that where there is an eviction or ouster of the lessee, by a title paramount, which he cannot resist, it is a good bar to the demand for rent, on the plain ground of equity, that the enjoyment of the estate is the consideration for the covenant to pay rent, and when the lessee is deprived of the benefit, he cannot be held to pay the compensation. Bac. Ab. Rent, L. Cruise's Dig. tit. 28, *c.* 3. It is not enough, therefore, that a third party has a paramount title ; but, to excuse the payment of rent, the defendant must have been ousted or evicted, under that title. *Hunt v. Cope* Cowp. 242. *Pendleton v. Dyett*, 4 Cow. 581.

But an eviction under a judgment of law is not necessary. An actual entry, by one having a paramount title and present right of entry, is an ouster of the tenant. He cannot lawfully hold against the title of such party. He is not bound to hold unlawfully, and subject himself to an action, and is not, therefore, compellable to resist such entry. *Hamilton* v. *Cutts*, 4 Mass. 349. So, when an execution creditor is put into possession by the sheriff, under the levy of an execution, he has the actual and exclusive possession, and may maintain trespass. *Gore* v. *Brazier*, 3 Mass. 523.

There is a recent case, which seems to us alike in principle. *Smith* v. *Shepard*, 15 Pick. 147. A mortgagor in possession made a lease for years, reserving rent. Afterwards, the mortgagee, having a paramount title, entered, as he lawfully might, with right to take the rents and profits. In a suit by lessor against lessee for rent, such entry under a paramount title was held to be an ouster, and a good bar to the action.

It is to be understood, that when a tenant thus relies on an ouster *in pais*, without judgment, he has the burden of proving the validity of the elder title, the actual entry under it, and that he acted in good faith, and without collusion with the party entering.

The instruction to the jury was, that if the defendant, *bona fide*, had yielded possession of the premises to Benedict and Merrick, to prevent being actually expelled; that the plaintiff had notice of this; and that, upon the evidence, Benedict and Merrick had a good title, paramount to that of the defendant and his lessor, and the right of immediate possession; their entry was equivalent to an actual ouster, and was a good defence to the action for rent. This direction, we think, was right; and the jury, by returning a verdict for the defendant, affirmed these facts.     *Exceptions overruled.*