## DEUTSCH v. CIRKER.

(Supreme Court, Appellate Term, First Department. May 5, 1915.)

1. EVIDENCE ⬯441—PAROL EVIDENCE RULE.

Where a lease contract provided for the furnishing of the demised premises by the lessor, and also referred to his duty with respect to repairs, prior oral negotiations were merged in the written instrument.

[Ed. Note.—For other cases, see Evidence, Cent. Dig. §§ 1719, 1723–1763, 1765–1845, 2030–2047; Dec. Dig. ⬯441.]

2. LANDLORD AND TENANT ⬯159—COVENANTS—ACTIONS FOR BREACH.

A lease required the demised premises to be furnished according to inventory, and the plumbing, etc., to be placed in good condition. The lessee claimed that the landlord breached his covenant. Held, that where the inventory was not produced, and there was no showing as to want of repairs, there was no basis as to an award of damages.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 573, 608, 611; Dec. Dig. ⬯159.]

3. LANDLORD AND TENANT ⬯159—COVENANTS—RECOVERY.

Where a landlord agreed to furnish the demised premises, but failed to supply all of the furniture agreed upon, the lessee cannot recover as damages the value of the omitted furniture.

[Ed. Note.—For other cases, see Landlord and Tenant, Cent. Dig. §§ 573, 608, 611; Dec. Dig. ⬯159.]

---

⬯For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeal from Municipal Court of New York.

Action by Karl Deutsch against Fannie Cirker. From a judgment for plaintiff, defendant appeals. Reversed and remanded.

Argued March term, 1915, before LEHMAN, HENDRICK, and COHALAN, JJ.

Abraham B. Keve, of New York City, for appellant.

Maurice M. Cohn, of New York City, for respondent.

HENDRICK, J. The amended complaint alleged that on September 11, 1913, defendant agreed, if plaintiff's assignor would lease her house, that she—

"would make and complete all the repairs inside and outside of said premises at her expense before the commencement of the term of the lease; that the furniture then in said premises would remain therein during the entire term; and also the defendant further agreed to place upon the premises certain additional furniture necessary for the complete enjoyment of the premises before the commencement of the term."

The additional allegations are that two days later plaintiff's assignor, in part consideration of said agreement, accepted a lease; that seventeen days later he entered into possession; that defendant did not repair nor furnish the house; and plaintiff, as assignee, demands judgment for $251.40.

[1, 2] The written lease lets the house, "the same to be furnished as per inventory, * * * plumbing and otherwise to be in good condition, and to be kept so by the party of the second part at his own cost and expense." Lessee to "surrender the premises hereby demised in as good state and condition as reasonable use and wear thereof will permit." If the lessee covers the subject-matter of the alleged oral contract, there was but one agreement, and that was the written lease. The negotiations of two days before are merged. It does relate to furniture, and it covers the subject of repairs; but on both subjects the lease is indefinite. It refers to an inventory; but I find none in the return. Nor do I find that any witness undertook to state the contents of the inventory, nor otherwise to describe the furniture referred to. If the lessee or his assignee was damaged by breach of the lease, I think he has failed to place before the trial court a basis on which the damages could be assessed.

[3] Plaintiff took a different view. He claimed that the house should have remained in the same condition, as to furniture, as when occupied by the previous tenant. He produced evidence of the value of furniture necessary to place it in that condition, and also the difference between the house so furnished and not furnished at all. Two witnesses testified to this difference; one estimated it between $50 and $100, and the other between $75 and $100 per year. The value of the additional necessary furniture was placed at $75. None of this evidence was strictly relevant. Perhaps the judgment for $75 was founded on the value of the furniture. If so, it is not quite apparent why a landlord should be compelled to pay the full value of furniture when the tenant is entitled to the use only and for a term of but three years.

I cannot concur in the theory of the trial. If the tenant did not waive the alleged undertaking to furnish by moving in without the

furniture, I think the lease embodied the entire contract, and that no damages were proved for its breach. Plaintiff's bill of particulars as to repairs specifies items paid by the assignor aggregating $26. I find no evidence to sustain any judgment for damages on account of breach of the written lease to deliver the house "in good condition," nor evidence of any facts which would render defendant liable for the sum mentioned.

The judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.