Jacob New Realty Company, Appellant, v. Noxall Shirt Company, Respondent.

(Supreme Court, Appellate Term, First Department, July, 1918.)

**Landlord and tenant — covenants contained in lease — when tenant may counterclaim for expenses of heating — evidence — new trial.**

In an action for rent the tenant may counterclaim and recover the necessary expenses it was put to in heating the premises which the landlord covenanted to do but did not.

No tender of the gas and oil stoves used by defendant in heating the premises was essential to its cause of action upon its counterclaim, but, where it was awarded the amount of money expended therefor, a judgment in its favor which left the ownership and possession of the stoves in it necessitates a new trial, its right to recover being limited to the expense incurred because of the plaintiff's breach of covenant, *i. e.*, the cost of fuel and the difference between the price paid for the stoves and their present value as shown by the price realized on a sale thereof, or expert testimony as to their value after being used.

Appeal by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, first district, in favor of defendant.

Gettner, Simon & Asher (Herman Asher and Herman Gettner, of counsel), for appellant.

Mayper & Boochever (Jack L. Rappaport, of counsel, for respondent.

Guy, J.   Plaintiff brought suit to recover rent for the months of December, 1917, and January and February, 1918, under a written lease, and defendant counterclaimed for $146.35, moneys necessarily expended in the purchase of oil stoves, gas stoves and fuel to furnish heat in the loft rented by defendant from plaintiff, which the plaintiff-landlord was, by the

terms of its lease, obligated to furnish, but which it failed utterly to do.

Defendant's witnesses testified that during November, December, January and February the plaintiff failed entirely to furnish heat in the premises, the temperature therein varying a large part of the time between four degrees below zero to eleven degrees above; that it repeatedly notified the landlord of the unheated condition of the premises and requested it to furnish heat, but the landlord failed and neglected so to do, and that even with the heat so furnished by defendant, through the use of gas and oil stoves, the premises were so insufficiently heated that for a considerable period of time during said months defendant was obliged to have its employees quit work about two-thirty P. M.

Plaintiff's witnesses denied that the premises were insufficiently heated, except for a few days between December 26, 1917, and January 4, 1918.

The evidence produced by defendant convincingly established the utter failure of the lessor to perform its covenant as to heating the premises, and the trial judge was fully justified in determining this fact in favor of the defendant-tenant.

The main question presented on this appeal is as to the measure of damage in actions of this character. The plaintiff-appellant contends that the tenant's damage is limited to the difference in the rental value of the heated premises as fixed by the lease, and the rental value of the premises without heat, citing *Thomson-Houston Electric Co.* v. *Durant Land Imp. Co.*, 144 N. Y. 34, where it was held that ordinarily, where there has been a breach of the lessor's covenant to repair, the measure of damage is the difference in general rental value. This rule would not be applicable to a case where, as in the case at bar, the tenant under-

takes to perform a duty obligatory upon the landlord. In such case the measure of damage for the breach is the expense of doing the work which the landlord agreed to do, but did not do. *Schick* v. *Fleischhauer*, 26 App. Div. 210, 211; *Wurz* v. *Watts*, 73 Misc. Rep. 262; *Myers* v. *Burns*, 35 N. Y. 269, 270; *Hexter* v. *Knox*, 63 id. 567; *Herbst* v. *Kellogg Mfg. Co.*, 112 App. Div. 355, 356.

An unusual and somewhat difficult question arises from the fact that the judgment entered left the ownership and possession of the gas and oil stoves in the defendant, although defendant has been awarded the full amount of money expended therefor; and plaintiff-appellant's counsel contends that it was the duty of the defendant-tenant to tender such articles so purchased by it to the plaintiff before defendant could maintain the counterclaim herein. Title to said articles never having been in the landlord the tender thereof was not essential to defendant's cause of action under its counterclaim; but it is manifest that defendant's recovery must be limited to the actual loss or expense incurred by it because of plaintiff's breach of contract. This would be the cost of fuel and the difference between the price necessarily paid by defendant for stoves and their present value as shown by the price realized on a sale thereof or expert testimony as to their value after being so used. *Deutsch* v. *Cirker*, 152 N. Y. Supp. 996, 997.

The contention of the appellant that by the terms of the lease the tenant could not recover damages resulting from lack of heat due to repairs ordered by a state or city department is only applicable to a short period between December twenty-sixth and January fourth; and the evidence does not warrant a finding that the purchase of the articles in question was to meet a situation developed at that particular time. It

is also established by the evidence that the repairs referred to by appellant were made necessary in the first instance, not by any order of a state or city department, but by the bursting of pipes due to the landlord's breach of contract in failing to furnish proper heat as required under his lease.

While defendant fully established its cause of action under its counterclaim, the inadequacy of the proof as to the damage renders a new trial necessary.

BJUR and WEEKS, JJ., concur.

Judgment reversed, new trial ordered, without costs of appeal.