ANAIS C. BLISS, Landlord, Appellant, *v.* ROY C. CLARK, Tenant, Respondent.*

(Supreme Court, Appellate Term, First Department, July, 1918.)

Landlord and tenant — when covenant to furnish heat implied — failure of landlord to furnish heat — rights of tenant.

Where a written lease of an apartment contains no covenant on the part of the landlord to furnish heat, although the means to do so are within his control, the tenant may abandon the premises and successfully resist a claim for rent on the ground that an implied covenant to supply heat is a part of the covenant of quiet enjoyment; but the failure of the landlord to

* Received too late for insertion in proper place.—[REPR.

furnish heat cannot be made the basis of an independent action by the tenant to recover damages against the landlord, nor can the tenant continue to occupy the premises and in an action against him for rent counterclaim for an amount expended on gas heaters.

APPEAL by the landlord from a final order in summary proceedings in the Municipal Court of the city of New York, borough of Manhattan, fifth district, in favor of the landlord-appellant and allowing tenant-respondent's counterclaim.

Louis Levene (Max Schleimer, of counsel), for appellant.

Defendant-tenant filing no brief.

FINCH, J. The petition is based on the failure of tenant respondent to pay rent for the month of February, 1918, of an apartment occupied by himself and family, under a written lease for a year, which lease contained no covenant by the landlord to furnish heat.

The tenant admitted the rent due but counterclaimed for an amount expended on gas heaters and other expenses not material upon the determination of this appeal. The court allowed the tenant's counterclaim and granted a final order for the amount of the rent less the amount of the counterclaim. The issue litigated at the trial was as to whether there had been a failure on the part of the landlord to properly heat the apartment and the court resolved this question of fact in favor of the tenant and there is sufficient evidence to sustain the finding. The question which goes to the merits among the grounds urged upon this appeal concerns the ruling of the court below in allowing the tenant's counterclaim. There is no difference in the rule of damage between the breach of an express

covenant to furnish heat and the breach of any other express agreement. The general rule applies, allowing a recovery for all damages suffered including gains prevented and losses sustained, subject only to two considerations: *first,* that the damages must be such as were reasonably within the contemplation of the parties when the agreement was made, and, *second,* that they must be certain, that is, that their ascertainment must not rest upon mere conjecture and surmise. *Griffin* v. *Colver,* 16 N. Y. 489. Within this rule would come such reasonable amount as has been expended by the tenant for gas heaters and cost of fuel, less the value of the heaters still in possession of the tenant. While one measure of the tenant's damage would be the difference in rental value between the premises as leased with heat and the rental value of the same premises without heat, yet the tenant is not relegated to this measure of damage alone, but, subject to the rule that he may not recover double damages, he may also recover any reasonable expenses that he has been put to in doing what the landlord has covenanted to do and has failed to do, less the present value of the heaters used. *Jacob New Realty Co.* v. *Noxall Shirt Co.,* 104 Misc. Rep. 82; *Empire Holding Co.* v. *Carl Bonwit, Inc.,* Appellate Term, decision, filed June 25, 1918; *Volga Realty Corp.* v. *Chauncey Holt Co.,* 104 Misc. Rep. 581.

An entirely different situation, however, arises where, as in the case at bar, there is a lease of the premises with no covenant on the part of the landlord to furnish heat, although the means of furnishing heat are within the control of the landlord. In such a case there is an implication created by the court that a failure to supply heat furnished sufficient reason for an abandonment of the premises by the tenant and a refusal to pay rent. *Berlinger* v. *Macdonald,* 149 App.

35

Div. 6; *Tallman* v. *Murphy,* 120 N. Y. 345. Originally the courts created an implication that in a lease there is implied a covenant for quiet enjoyment. *Noke's Case,* 4 Coke R. 80 b; *Andrews Case of Gray's Inn,* Cro. Eliz. 214, 674. Whatever may have given rise originally to the implication of this covenant by the court, the doctrine is now too well established to be doubted either in this country or in England. *Bandy* v. *Cartwright,* 22 L. J. Ex. 285; *Budd-Scott* v. *Daniel,* 2 K. B. 351; *Mack* v. *Patchin,* 42 N. Y. 171. The implied covenant to supply heat is a part of the covenant of quiet enjoyment, and thus an implied covenant for quiet enjoyment has given rise to this implied covenant to furnish heat. "The covenant for quiet enjoyment extends to the possession and not to the title and is broken only by an entry and expulsion from, or from some actual disturbance of, the possession." *Whitbeck* v. *Cook,* 15 Johns. 490. In order to have a breach of this covenant, there must be an eviction. *Boreel* v. *Lawton,* 90 N. Y. 297. It thus follows that where there is no express covenant to furnish heat the tenant may abandon the premises and successfully resist a claim for rent, but such lack of heat cannot be the basis of an independent action by the tenant for damages against the landlord, nor can the tenant continue to occupy the premises and counterclaim damage in an action by the landlord for rent. This is sound in principle as well as upon authority, which authority, so far as we can find, has never been overruled and is binding upon this court. *Jackson* v. *Paterno,* 128 App. Div. 474. Upon principle it is one thing to permit a recovery where a covenantor has expressly and in fact agreed, and a totally different thing for a court to imply in law such a covenant. It is not an answer to say that such agreement follows because a lease has been made of a living apartment.

An express agreement is the act of the parties while a covenant implied in law is totally different. If the court is to create such an agreement, what is to be its extent? This can finally only be determined by the expression of the courts through the medium of litigation, whereas this question does not arise if such an agreement is properly left to the parties or to legislation. It may be more proper to say that in circumstances as here disclosed there is a failure of consideration rather than any covenant at all.

It follows that the judgment should be reversed, with thirty dollars costs, and counterclaim dismissed, and final order entered for the landlord for the amount of rent claimed.

LEHMAN, J., concurs on authority of *Jackson* v. *Paterno*, 128 App. Div. 474; PENDLETON, J., concurs in result.

Judgment reversed, with costs.