JONES & BRINDISI, INC., Appellant, *v.* ABRAM BERNSTEIN and SAMUEL BERNSTEIN, Doing Business under the Name and Style of BERNSTEIN BROS., Respondents.

Supreme Court, Appellate Term, First Department, October Term — Filed December, 1922.

Landlord and tenant — when subtenant cannot claim a constructive eviction by reason of acts of his lessor's lessor.

Plaintiff as lessee of the second floor of a loft building sublet a part thereof to defendants, who were dealers in furniture. For some time thereafter defendants, without objection from the owner of the building who controlled the common

portions of the building, used the main hallway of the ground floor for bringing in furniture. The crated furniture was taken down in an elevator to the cellar where the crates were removed and the furniture lifted to the second floor. Upon a certain day the owner of the building refused to allow defendants to use the hallway and stated that the use thereof would not again be permitted. Defendants vacated the premises. Upon the trial defendants claimed an eviction by the plaintiff's lessor, the owner of the building, and were sustained by the trial justice, who awarded judgment for defendants. *Held*, error; that an undertenant has no option to vacate premises because of any unlawful conduct of his lessor's lessor, for in law, as to him, his lessor's lessor is a mere trespasser. Judgment for defendants reversed and judgment directed for plaintiff.

*Galland* v. *Shubert Theatrical Co.*, 105 Misc. Rep. 185, distinguished.

APPEAL by plaintiff from a judgment of the Municipal Court of the city of New York, borough of Manhattan, ninth district, in favor of defendants, after trial by the court without a jury.

*Walter Carroll Low* (*Carroll Blakely Low*, of counsel), for appellant.

*Graham, McMahon, Buell & Knox* (*John B. Knox*, of counsel), for respondents.

MULLAN, J. The sole question that requires our decision upon this appeal is whether, in an action for rent, by a plaintiff lessee against a defendant sublessee, the latter, who vacated, may claim eviction by the plaintiff's lessor. We are of the opinion that the learned trial justice, in holding with the defendant, fell into error.

The plaintiff, being the lessee of the second floor of what is commonly known as a loft building, sublet to defendants a part of the demised space. The defendants, dealers in furniture, had thereafter occupied their portion of the space for a considerable period, without any objection on the part of the owner as to the manner of defendants' use of the premises. The defendants would take in crated furniture by way of the main hallway on the ground floor, the crates would be taken down to the cellar upon an elevator, where the crating would be removed, and the uncrated furniture would then be taken up on an elevator to the second floor. The owner, who was in control of the common portions of the building, on a certain day refused to allow the defendants to use the hallway referred to in taking in their goods, and stated that the use would not again be permitted.

Concededly, the owner acted unlawfully. The defendants make no claim of collusion between the owner and the plaintiff. Indeed, it seems to be expressly conceded that the plaintiff acted throughout in innocence and good faith.

Whether the use of the hallway by the defendants be considered a part of the demised premises (*West Side Savings Bank* v. *Newton*, 76 N. Y. 616), or whether it be placed within the scope of the covenant

of quiet enjoyment (*Jackson* v. *Paterno*, 128 App. Div. 474; *Berlinger* v. *MacDonald*, 149 id. 5; *Bliss* v. *Clark*, 104 Misc. Rep. 543), obviously and admittedly such use was essential to a real occupancy. Had the owner prevented the use of the hallway by the plaintiff, the owner's own lessee, it is probable that the latter could properly have vacated under claim of eviction, as any interference by a lessor with his lessee's use that has the effect of diminishing or affecting the value or manner of that use permits the lessee to go out under claim of eviction.   16 R. C. L. 766, and cases cited.   It is unnecessary, however, to pass upon the sort of conduct of a lessor that would entitle his immediate lessee to vacate, as the rule that relates to the interference with a lessee by his lessor had no applicability to the case of an interference with an under tenant by his lessor's lessor.   The under tenant has no option to go out because of any unlawful conduct, no matter what, on the part of his lessor's lessor, for, in law, as to him, his lessor's lessor is a mere trespasser, with no different character from that of any utter stranger.   *Mayor, etc., of Poole* v. *Whitt*, 15 M. & W. 571; *Simers* v. *Saltus*, 3 Den. 214; *Morse* v. *Goddard*, 54 Mass. 177; *Smith* v. *Shepard*, 32 id. 147; *Eversfield* v. *Newman*, 4 C. B. (N. S.) 418; *Luckey* v. *Frantzkee*, 1 E. D. Smith, 47.   If the lessor's lessor happens, as any other person might, to have the legal right to immediate possession, the subtenant must yield to it, as he would be required to yield to any one having that right.   But if the lessor's lessor does not possess that right, the fact that he may have a reversionary interest is not of the slightest importance.   The term " paramount title " is frequently used in eviction cases to indicate the basis of the right to which a subtenant may surrender.   The phrase is misleading if it conveys the notion that it has reference to a right that depends merely upon a reversionary interest not coupled with the immediate right of possession.

Counsel for defendants relies in part upon the decision of this court in *Galland* v. *Shubert Theatrical Co.*, 105 Misc. Rep. 185. We think that the peculiar facts of that case make the decision there clearly distinguishable.

Judgment reversed, with $30 costs, and judgment directed in favor of plaintiff for the sum of $250, with interest from May 1, 1922, and costs in the court below.

Guy and Bijur, JJ., concur.

Judgment reversed.