Ralph Diamond, J.
This is a holdover proceeding in which the landlord petitioner seeks possession of the demised premises. The tenant’s defense is retaliatory eviction.
The basic facts are not in dispute. The parties entered into a lease on August 17, 1966, for a two-year period commencing September 1, 1966. The lease was renewed twice, each time for a two-year period. The last renewal expired August 31, 1972.
In October, 1971, the tenant invited a group of fellow tenants to meet in her apartment to consider the possibility of forming a tenant’s organization to deal with the landlord with respect to several grievances.
In April, 1972, and again in June, 1972, the tenant was advised that her lease would not be further renewed. Despite notice, tenant failed to vacate the premises. On the 5th day of October, 1972, this proceeding was begun.
At the trial, the tenant raised the affirmative defense of ‘i-retaliatory eviction ’’. £>he claimed that the landlord’s refusal to renew her lease was solely in retaliation for her actions with her fellow tenants in opposing the landlord. The landlord contends that the tenant has failed to sustain the burden of proof required and, further, that the defense of retaliatory eviction does not apply in this case.
Tenant seeks to dismiss the action and have the court order the landlord to renew the lease on terms equal to those offered other tenants.
The court has before it the question whether a landlord has the right to pick his tenants and refuse to renew the tenancy of a *630 person he finds undesirable for any reason, or whether that right is affected by the defense of retaliatory eviction.
The defense of retaliatory eviction in New York State is a comparatively new one. Retaliatory eviction has been defined in many ways. In Markese v. Cooper (70 Misc 2d 478), the court stated that retaliatory eviction is the nomenclature that has developed to define the action of a landlord who evicts his tenant because of the tenant’s reporting of a housing code violation. The court in that case went on to say that it might have been called anything, “vengeful eviction” or, simply, “getting even ”. The court in Hosey v. Club Van Cortlandt (299 F. Supp. 501), described retaliatory eviction as an act by a landlord evicting a tenant when the overriding reason was to retaliate against the tenant for exercising his constitutional right.
The defense of retaliatory eviction in a holdover proceeding was not available at common law, nor do we in New York have any statutes specifically prohibiting retaliatory evicition. A few States have recently enacted such statutes. Illinois has declared it to be against public policy for a landlord to “ 'terminate or refuse to renew a lease or tenancy of property used as a residence on the ground that the tenant has complained to any government authority of a bona fide violation of any applicable building code, health ordinance, or similar regulation.” (111. S.H.S. ch. 80, § 71 [1963].) Rhode Island and Michigan allow a tenant defendant, in an action based upon termination of a lease, to interpose the defense that the alleged termination was intended as a penalty for the tenant reporting a violation of any health or safety code, or any ordinance. Maryland has provided that retaliatory action will be stayed for a period of six months after a tenant has reported a major defect in the premises. California ’s new Civil Code section 1942.5 states that a landlord, whose dominant purpose is retaliation against a lessee for complaining to a goverment agency or for exercising other rights, ‘ may not recover possession of a dwelling in any action or proceeding, cause the lessee to quit involuntarily, increase the rent, or decrease any services, within 60 days ”. New Jersey provides for criminal punishment of any landlord who takes reprisals against a tenant for reporting violations of any health or building code. (See Legal Problems of Landlord and Tenant, U. C. D. L. Rev., vol. 3,1971, pp. 17, 18.)
The cases in New York are not in complete agreement on the interpretation of retaliatory eviction. Some New York cases have recognized it as a proper defense in holdover proceedings. (Church v. Allen Meadows Apts., 69 Misc 2d 254; Markese v. Cooper, supra.) The Federal courts have also recognized the *631 defense. The court in Hosey v. Club Van Cortlandt (supra, p. 506) held that “ The 14th amendment prohibits a state court from evicting a tenant when the overriding reason the landlord is seeking the eviction is to retaliate against the tenant for an exercise of his constitutional rights ”. Also, see Edwards v. Habib, 397 F. 2d 687.)
The tenant in her memorandum of law places great emphasis upon Hosey v. Club Van Cortlandt in support of her argument against granting the petition. She also requests an order by the court for a mandatory renewal of the lease. The court points out the fact that the Judges’ decision in the Hosey v. Club Van Cortlandt case stated (p. 505), “ The right of a landlord to pick his tenants and to refuse to renew the tenancy of a person he finds undesirable for any reason is not in issue here ’ ’. The court in the herein matter deems that issue to be the major issue.
The law in New York is well settled that in the absence of a covenant in the lease, or some agreement therefor, there is no way, legal or equitable, of compelling a renewal of a lease. (Robinson v. Jewett, 116 N. Y. 40.) Therefore, when the term of a lease has expired, the landlord, in the absence of a contract to renew, is at liberty to refuse to do so, and anyone with whom he sees fit to deal may become his tenant. (Thayer v. Leggett, 229 N. Y. 152; McDonald v. Fiss, 54 App. Div. 489.)
There is no dispute between the parties that absent the defense of retaliatory eviction the court must grant the landlord’s petition of eviction. Testimony at the trial indicates that the tenant did hold a meeting of the tenants in her apartment and that she had testified at a hearing concerning the dismissal of the landlord’s custodian. There was some testimony that the tenant had concerned herself with such matters as lack of services, rent increases and inequities in rent. The tenant testified that she complained to the Attorney-General’s office regarding the failure of the landlord to pay interest on rent security deposits and that she appeared at a “ hearing ” of the superintendent who was fired by the landlord. The landlord during the trial neither admitted nor denied the testimony of the tenant regarding these activities.
The first question the court addresses itself to is the prayer of the tenant that the court order the landlord to grant her a new lease on the same terms and conditions as other tenants in the same building. In the case of a tenant continuing in possession of leased premises after the expiration of the term of the lease, the rights of the landlord are fixed by statute in New York. The Real Property Law provides that upon a holding over by a tenant whose term is for more than one month, the landlord may proceed *632 in any manner permitted by law to remove the tenant, or, if the landlord accepts rent for any period subsequent to the expiration of the term, there is created a tenancy from month to month. The holdoyer tenancy created at the election of a landlord is not an extension or prolongation of the original term. It is a new term for a new period, separate and distinct from that which preceded it. (Kennedy v. City of New York, 196 N. Y. 19.)
The court rejects tenant’s argument that if the court finds a retaliatory eviction it. should grant the remedy of ordering a new lease. There seems to be no authority, public policy or any other justification for disturbing the well-settled law in New York that there is no way, legal or equitable, to compel a renewal of a lease.
In reviewing the New York, Federal, and out-of-State eases discussed above, the court finds that the basis for accepting the defense of retaliatory eviction is as follows:
A tenant has the constitutional right such as to discuss the conditions of the building he is living in with his cotenants; to-encourage them to use legal means to remedy improper conditions ; hold meetings; form tenants ’ associations; and inform public officials of their complaints. These rights would for all practical purposes be meaningless if the threat of eviction would coerce the most justifiable complaints into a submissive silence.
Failure to recognize the defense of retaliatory eviction might result in the continuation of undesirable housing conditions contrary to the strong public policy of creating and/or maintaining proper housing in New York State. Our court should not by the granting of an eviction of a complaining tenant encourage the landlord to evade his responsibility to abide by the law.
The court is in accord with the reasoning behind the acceptance of the defense of retaliatory eviction in an action by a landlord to recover possession. Once having accepted that concept, the court is faced with the problem as to what elements are necessary to create a valid retaliatory eviction defense. In reviewing the cases we find no definite guidelines to follow.
It seems to this court that all of the following should be present for the tenant to prevail:
1. The tenant must have exercised a constitutional right in the action he undertook.
2. The grievance complained of by the tenant must be bona fide, reasonable, serious in nature, and have a foundation in fact. However, the grievance need not have been adjudicated by the agency reviewing the complaint.
3. The tenant did not create the condition upon which the complaint is based.
*633 4. The grievance complained of must be present at the time the landlord commences his proceeding.
5. The overriding reason the landlord is seeking the eviction is to retaliate against the tenant for exercising of his constitutional rights.
Applying the facts in the present case to the above criteria, the court finds that at the time the landlord commenced this action and, at the present time, none of the original grievances existed. The tenant testified that the tenants ’ association never came into being; that the tenants had collected the interest due them; that the problem with the superintendent had been resolved. Moreover, the tenant failed to show any current complaint against the landlord.
In Edwards v. Habib (397 F. 2d 687, 702, supra), the court cautioned that even if a tenant can prove a retaliatory defense, he would not be entitled to remain in possession in perpetuity. “ If this illegal purpose is dissipated, the landlord can, in the absence of legislation or a binding contract, evict his tenants or raise their rents for economic or other legitimate reasons, or even for no reason at all.”
The court finds that the tenant has failed to prove the elements necessary to sustain the alleged retaliatory eviction defense. Accordingly, the decision of the court is as follows:
Final judgment in favor of the landlord against the tenant. Execution of the warrant stayed to February 28, 1973.