Jack Mackston, J.
Petitioner has initiated this holdover proceeding to regain possession of respondent’s apartment, initially held by her pursuant to a verbal lease.
Respondent’s answer alleges that the landlord failed to furnish adequate heat, and based thereon, has interposed the *85 defense of retaliatory eviction for tenant’s complaint to the building department, and three counterclaims seeking damages, the first based upon breach of implied covenant of quiet enjoyment; the second, for breach of implied warranty of habitability and the third, based upon the elements of retaliatory eviction.
Petitioner now moves to dismiss the defense and counterclaims for legal insufficiency.
Respondent countermoves to amend the ad damnum clause of the answer to include a request for punitive damages in connection with the allegation of retaliatory eviction.
Petitioner’s motion to dismiss the equitable defense of retaliatory eviction is denied. Such defense may properly be advanced to defeat the landlord’s claim for possession when the tenant establishes, by clear and convincing evidence, that landlord’s primary motive in seeking an eviction is in retaliation for tenant’s exercise of her constitutional right to petition local government to compel the landlord to furnish heat. (Toms Point Apts. v Goudzward, 72 Misc 2d 629, affd 79 Misc 2d 206; Real Property Actions and Proceedings Law, § 743.)
Petitioner’s motion to dismiss the counterclaim alleging breach of implied covenant of quiet enjoyment is granted. The gravamen of this claim is landlord’s failure to furnish heat during the winter months. However, respondent fails to allege abandonment which is an essential element of the cause of action (Bliss v Clark, 104 Misc 543; CPLR 3013), and consequently the counterclaim is not sufficiently stated.
A covenant of quiet enjoyment is implied in every lease and carries with it the obligation to furnish heat. However, a failure to furnish heat constitutes a constructive rather than an actual eviction, requiring abandonment by the tenant (Jackson v Paterno, 58 Misc 201, affd 128 App Div 474; Barash v Pennsylvania Term. Real Estate Corp., 26 NY2d 77), without unreasonable delay (Siebold v Heyman, 120 NYS 105), before damages may be recovered by counterclaim (Bliss v Clark, supra). Unless there is an abandonment, constructive eviction is not compensable in an action in law. (Zweighaft v Remington, 66 Misc 2d 261.)
Here the tenant elected to remain in possession and counterclaim for damages. This she may not do.
Petitioner’s motion to dismiss the counterclaim alleging breach of implied warranty of habitability is denied. No such *86 implied warranty is recognized at common law. In Edwards v New York and Harlem R.R. Co. (98 NY 245, 247), the court stated: "It is a universal rule, to which no exception can be found in any case now regarded as authority, that upon the demise of real estate there is no implied warranty that the property is fit for occupation, or suitable for the use or purpose for which it is hired.”
However, section 55 of the Code of Ordinances of the City of Long Beach has created a statutory cause of action for damages for breach of implied warranty of habitability. It provides as follows: "Any lease agreement relating to real property situated in the City of Long Beach shall be deemed to incorporate an implied warranty of habitability and a covenant of fitness for the particular use intended. In addition, an implied covenant that the leased premises conforms to the provisions of the Municipal Code of the City of Long Beach and the laws of the State of New York, shall be deemed incorporated in said lease agreement. Any breach of said warranty or covenants shall constitute sufficient legal grounds for a civil action and for damage by a tenant against a landlord, notwithstanding any grounds for prosecution by the City of Long Beach pursuant to applicable laws.”
Although the common-law cause of action for breach of implied covenant of quiet enjoyment concerns possession only and therefore is not actionable without an actual eviction or constructive eviction coupled with abandonment (Bliss v Clark, 104 Misc 543, supra), such principle need not be extended to encompass an implied warranty of habitability created by a statute, the object of which is to insure decent and adequate housing. The statute defines the cause of action and its remedy. It does not expressly require abandonment. Accordingly, the second counterclaim is sufficiently stated.
As to the third counterclaim based upon the elements of the defense of retaliatory eviction, tenant’s motion to amend the ad damnum clause of the answer so as to request punitive damages is denied, and landlord’s motion to dismiss for legal insufficiency is granted for the following reasons:
The demand for punitive damages is not adequately supported by essential allegations showing that the underlying wrong was morally culpable and maliciously motivated (Walker v Sheldon, 10 NY2d 401), nor is it based upon a recognized cause of action.
Although retaliatory eviction has been recognized as an *87 equitable defense (Toms Point Apts. v Goudzward, 72 Misc 2d 629, affd 79 Misc 2d 206, supra), neither the common law (Portnoy v Hill, 57 Misc 2d 1097), nor applicable statute has acknowledged its elements as the basis for an affirmative counterclaim justifying a recovery of damages.
Notwithstanding the dictum Markese v Cooper (70 Misc 2d 478), suggesting that the defense of retaliatory eviction may serve as the basis for recovery of damages, the citations referred to therein do not support that contention.
Thus in the present matter retaliatory eviction may be used defensively to resist landlord’s claim for possession, but not affirmatively as a counterclaim to recover compensatory or punitive damages.
Successful interposition of the defense of retaliatory eviction fails to afford tenant any meaningful protection, for it does not deter landlord from commencing a subsequent proceeding shortly thereafter. (Markese v Cooper, supra.)
Thus to achieve the desired result and dissuade the landlord from wrongfully attempting to evict a tenant who exercises his or her constitutional rights, legislation is required to create a statutory cause of action authorizing recovery for damages.