FRENCHTOWN VILLA v MEADORS

Docket No. 57255. Submitted April 14, 1982, at Detroit.—Decided July 12, 1982. Leave to appeal applied for.

Defendants Wayco Meadors and Shirley Meadors appeal, by leave granted, from an order of the Monroe Circuit Court, William J. Weipert, Jr., J., which affirmed a decision by the District Court for the County of Monroe, William L. Taft, J., which granted a judgment of possession of a space in a mobile-home park owned by plaintiff Frenchtown Villa to the plaintiff. Defendants allege error in the lower courts' rulings that a retaliatory eviction defense did not apply since the termination was pursuant to the expiration of a written lease. *Held:*

1. The trial and circuit courts correctly held that the retaliatory eviction defense does not extend to summary proceedings instituted at the expiration of a fixed-term lease.

2. The retaliatory eviction statute precludes a judgment for possession for an alleged termination of a tenancy where the termination was intended primarily as a penalty for the defendant's attempt to secure or enforce legal rights. The dispositive question, therefore, is whether, as a matter of law, the alleged termination was in retaliation for the tenant's actions.

3. A tenancy for a fixed term of years pursuant to a lease ordinarily terminates on the expiration of the term of the tenancy as fixed by the lease and a tenant's right to possession of the leased premises also terminates pursuant to the lease. Therefore, the plaintiff, in seeking repossession of the premises upon expiration of the fixed-term lease, did not, thereby, terminate the tenancy of the defendants, but rather, merely sought repossession pursuant to the termination that had otherwise taken place. Because the plaintiff did not independently cause the termination, the plaintiff's motivation is irrelevant to the operation of the statute regarding retaliatory evictions.

Affirmed.

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 49 Am Jur 2d, Landlord and Tenant § 1246.
[2, 3] 73 Am Jur 2d, Statutes §§ 145, 146.
[4] 49 Am Jur 2d, Landlord and Tenant § 1130.
[5] 73 Am Jur 2d, Statutes § 206.

1. LANDLORD AND TENANT — RETALIATORY EVICTIONS — DEFENSES.

The defense of retaliatory eviction is available pursuant to statute in Michigan in summary proceedings for possession of realty (MCL 600.5720; MSA 27A.5720).

2. STATUTES — JUDICIAL CONSTRUCTION.

The primary and fundamental rule of statutory construction is to ascertain and effectuate the purpose and intent expressed by the Legislature.

3. STATUTES — JUDICIAL CONSTRUCTION.

A statute is to be applied by a court as written, and judicial interpretation of the statute is impermissible where the Legislature has made its intent known through the clear, explicit, and unambiguous language of the statute.

4. LANDLORD AND TENANT — RETALIATORY EVICTIONS — TERMINATION OF TENANCY — FIXED-TERM LEASES.

The statute regarding retaliatory evictions precludes a judgment for possession for an alleged termination of a tenancy where the termination was intended primarily as a penalty for an attempt to secure or enforce legal rights; the focus of the statute is upon the termination of a tenancy, therefore, the retaliatory eviction defense does not extend to proceedings for repossession instituted at the expiration of a fixed-term lease since the lease terminates by its own terms and is not terminated by the landlord's action in seeking repossession; in such action the landlord's motivation in seeking repossession or declining to renew the lease is irrelevant since it does not independently cause the termination (MCL 600.5720; MSA 27A.5720).

5. STATUTES — JUDICIAL CONSTRUCTION — COMMON LAW.

A court which construes a statute containing words having a settled, definite, and well-known meaning at common law should assume that such words are used with the same sense and meaning which they had at common law, unless a contrary intent is plainly shown.

*Ready, Sullivan & Ready,* for plaintiff.

Legal Services of Southeastern Michigan (by *William H. Ridley),* for defendants.

Before: N. J. KAUFMAN, P.J., and V. J. BRENNAN and BEASLEY, JJ.

N. J. KAUFMAN, P.J. In this summary proceeding, defendants appeal, by leave granted, a circuit court order affirming a district court's judgment of possession in favor of plaintiff.

Defendants are mobile-home owners renting a space in plaintiff's mobile-home park. In 1979, plaintiff sought to terminate defendants' month-to-month tenancy in a prior summary proceeding. In the course of the earlier suit defendants demanded that they be offered a written lease, as required by the Mobile Home Commission Act, MCL 125.1128(1)(g); MSA 19.855(28)(1)(g). The district court judge concluded that plaintiff's failure to comply with the act constituted a complete defense to the suit for possession. The parties then executed a six-month lease, which ran from February 1, 1980, through July 31, 1980.

Upon the expiration of the written lease plaintiff commenced the present summary proceeding for possession of the mobile-home space. Defendants raised the affirmative defense that the termination was in retaliation for their prior demand for a written lease, a right provided to them by state law. On the date set for trial, the district court judge ruled that the retaliatory eviction defense was not available as a matter of law since the termination was pursuant to the expiration of the written lease.

On appeal to this Court, defendants contend that the district and circuit courts erred by ruling that the retaliatory eviction defense did not apply. The issue before us is whether the defense of retaliatory eviction is available where a landlord seeks to regain possession of premises at the expiration of a fixed-term lease.

The seminal case prohibiting retaliatory evictions is *Edwards v Habib,* 130 US App DC 126; 397 F2d 687 (1968), *cert den* 393 US 1016; 89 S Ct 618; 21 L Ed 2d 560 (1969). In *Edwards,* the landlord commenced eviction proceedings against a month-to-month tenant after her complaint to housing authorities led to the discovery of more than 40 sanitary code violations. The United States Court of Appeals for the District of Columbia ruled that a tenant could offer evidence of the landlord's retaliation or other improper motive as a defense to the possessory action. The court held that although the landlord could evict for any legal reason or for no reason at all, Congress, in providing jurisdiction over possessory actions, did not intend to permit evictions in retaliation for a tenant's report of housing code violations to authorities. The court reasoned that the use of retaliatory evictions would otherwise frustrate the effectiveness of the housing code as a means of upgrading Washington housing. 130 US App DC 139-140; 397 F2d 700-701.

The defense of retaliatory eviction has since been recognized in a number of jurisdictions.[1] Moreover, in *Golphin v Park Monroe Associates,* 353 A2d 314 (DC App, 1976), the defense was interpreted to apply even though the tenant's occupancy had been secured under a one-year lease that had since expired. In *Golphin,* the tenant alleged that the landlord had established a policy of permitting tenants whose leases had

[1] See *e.g., Bowles v Blue Lake Development Corp,* 504 F2d 1094 (CA 5, 1974) (interpreting Florida law), *Laster v Bowman,* 52 Ohio App 2d 379; 6 Ohio Op 3d 428; 370 NE2d 767 (1977), *S P Growers Ass'n v Rodriguez,* 17 Cal 3d 719; 131 Cal Rptr 761; 552 P2d 721 (1976), *Clore v Fredman,* 59 Ill 2d 20; 319 NE2d 18 (1974), *Dickhut v Norton,* 45 Wis 2d 389; 173 NW2d 297 (1970), *Portnoy v Hill,* 57 Misc 2d 1097; 294 NYS2d 278 (1968).

expired to remain as month-to-month tenants, but elected to evict him at the time of expiration because of his complaints to housing authorities and his activities in a tenant's association. In holding that the defense of retaliatory eviction could be presented, the District of Columbia Court of Appeals interpreted *Edwards v Habib, supra,* as standing "for the proposition that the states' *judicial processes* may not be used to accomplish an eviction for retaliatory purposes". *Id.,* 318. (Emphasis in original.) The court concluded that a contrary result would permit a landlord to make the retaliatory eviction defense academic by the use of fixed-term leases. *Id.,* 318, fn 10. See, also, *Engler v Capital Management Corp,* 112 NJ Super 445; 271 A2d 615 (1970), but see, *Toms Point Apartments v Goudzward,* 72 Misc 2d 629; 339 NYS2d 281 (1972).

In Michigan, the defense of retaliatory eviction is available pursuant to statute in summary proceedings for possession of realty. MCL 600.5720; MSA 27A.5720. Consequently, the limits of the defense must be determined by analysis of the statute itself. The primary and fundamental rule of statutory construction is to ascertain and effectuate the purpose and intent as expressed by the Legislature. *White v Ann Arbor,* 406 Mich 554, 562; 281 NW2d 283 (1979). However, basic to this function is the rule that interpretation of a statute is impermissible where the Legislature makes its intent known in the clear, explicit and unambiguous language of the statute. In such a case the statute must be applied as written. *Perez v State Farm Mutual Automobile Ins Co,* 105 Mich App 202, 205; 306 NW2d 451 (1981).

The retaliatory eviction statute, MCL 600.5720; MSA 27A.5720, reads in pertinent part:

"(1) A judgment for possession of the premises for an alleged termination of tenancy shall not be entered against a defendant if 1 or more of the following is established:

"(a) That the alleged termination was intended primarily as a penalty for the defendant's attempt to secure or enforce rights under the lease or agreement or under the laws of the state, of a governmental subdivision of this state, or of the United States."

By its language, the statute precludes a judgment for possession for an alleged termination of a tenancy where *the termination* was intended primarily as a penalty for the defendant's attempt to secure or enforce legal rights. Thus, the statute is distinguishable from the retaliatory eviction doctrine of *Edwards v Habib, supra,* which purports to prohibit the use of judicial process to accomplish *an eviction* for retaliatory purposes. *Golphin v Park Monroe Associates, supra.* Instead, the focus of the statute is upon the termination of the tenancy. In the instant case, plaintiff's motive in refusing to renew defendants' lease may well have been, as alleged, one of retaliation for defendants' prior assertion of rights under the Mobile Home Commission Act. The dispositive question, however, is whether, as a matter of law, the alleged termination in this case could be considered in retaliation for defendants' actions. In making this determination, we consider the word termination according to its definition at common law. When a statute contains words having a settled, definite, and well-known meaning at common law, it is to be assumed they are used with the sense and meaning which they had at common law, unless a contrary intent is plainly shown. *People v Covelesky,* 217 Mich 90, 100; 185 NW 770 (1921).

A tenancy from month-to-month, which is to last

for an uncertain duration, is a tenancy at will and is terminable at the desire of either party upon the tender of sufficient notice. *E.g., Gurunian v Grossman,* 331 Mich 412, 418; 49 NW2d 354 (1951), *Landsberg v Tivoli Brewing Co,* 132 Mich 651; 94 NW 197 (1903). Consequently, a landlord who serves a notice to quit upon a month-to-month tenant in retaliation for the tenant's assertion of rights may be culpable under MCL 600.5720; MSA 27A.5720 of a termination intended primarily as a penalty, and may, therefore, be denied possession of rented premises. In contrast, a tenancy for a fixed term of years pursuant to a lease is ordinarily terminated on the expiration of the term of the tenancy as fixed by the lease. Thus, a tenant's right to possession of leased premises expires or terminates pursuant to the lease absent the securing of an extension. *Ellsworth v Taylor,* 233 Mich 163; 206 NW 314 (1925). As a result, a landlord seeking repossession of premises upon the expiration of the term of a fixed lease does not terminate the tenancy, but merely seeks repossession pursuant to the termination that has otherwise taken place. Because the landlord has not independently caused the termination, his motivation in seeking repossession or declining to renew the lease agreement is irrelevant to the operation of MCL 600.5720; MSA 27A.5720. Under the clear, explicit and unambiguous language of the statute, the retaliatory eviction defense does not extend to summary proceedings instituted at the expiration of a fixed-term lease.

We realize that our holding effects a severe limitation upon the retaliatory eviction defense. An unscrupulous landlord may accomplish the desired result of a retaliatory eviction, the intimidation of tenants, through the use of fixed-term

leases. Although a fixed-term tenant is not in the same position of vulnerability as a month-to-month tenant, since his tenancy cannot otherwise at any time be terminated upon his landlord's whim, we consider retaliatory actions of any type abhorrent. Nevertheless, we are constrained to follow the dictates of the Legislature in this matter and enforce the retaliatory eviction statute as limited. The trial and circuit courts correctly ruled that the defense of retaliatory eviction is unavailable to defendants.

Affirmed.