JEANNE E. WRIGHT, as Executrix of ROBERT S. JASON, JR., Deceased, et al., Appellants, v CATCENDIX CORP. et al., Respondents. [670 NYS2d 15] —Order, Supreme Court, New York County (Beverly Cohen, J.), entered on or about September 16, 1996, which, *inter alia*, dismissed the sixth and ninth through fifteenth causes of action of the complaint as against defendant Catcendix Corp., dismissed the complaint in its entirety as asserted against the individual defendants Kleinberg and Fried, and granted plaintiffs' motion to amend the complaint to add Chusid Associates as a party defendant, unanimously modified, on the law, to reinstate plaintiffs' eleventh cause of action for negligence, and to dismiss the sixteenth cause of action, and otherwise affirmed, without costs.

The IAS Court properly determined that plaintiffs, as subtenants, have no cause of action against defendant cooperative corporation Catcendix for constructive eviction, breach of the lease agreement, breach of the covenant of quiet enjoyment or breach of the warranty of habitability since, between them and the cooperative, there was neither a contractual agreement nor landlord-tenant relationship (*see,* 2 Rasch, New York Landlord and Tenant—Summary Proceedings §§ 28:19, 28:20, 28:52, 28:68, at 350-390 [3d ed]; *Mogull Music Corp. v Madison-59th St. Corp.*, 162 AD2d 336; *Jones & Brindisi v Bernstein*, 119 Misc 697). Plaintiffs' sixteenth cause of action is similarly defective. The aforementioned claims, however, although properly dismissed as to Catcendix, may nonetheless be asserted against plaintiffs' sublessor Chusid Associates, which was properly joined as a party defendant in the amended complaint. Finally, plaintiffs' eleventh cause of action, stating a simple claim for negligence and, as such, requiring no underlying contractual relation between the parties, should be reinstated.

We have considered the parties' remaining arguments for affirmative relief and find them to be without merit. Concur—Sullivan, J. P., Milonas, Rubin and Tom, JJ.