BMRE Capital, LLC v Howell (2025 NY Slip Op 51975(U))

[*1]

BMRE Capital, LLC v Howell

2025 NY Slip Op 51975(U)

Decided on December 5, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 5, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., MARINA CORA MUNDY, JOANNE D. QUIÑONES, JJ

2024-927 K C

BMRE Capital, LLC, Respondent,
against
Kamesha Howell, Tenant, John Doe, Undertenant and Rachael King, Sued Herein as "Jane Doe," Appellant. 

Rachael King, appellant pro se.
Azoulay Weiss, LLP, for respondent BRME Capital, LLC (no brief filed).

Appeal from an order of the Civil Court of the City of New York, Kings County (Jason Vendzules, J.), dated March 6, 2024. The order, insofar as appealed from, granted occupant Rachel King's motion to be restored to possession only on condition that she pay landlord the sum of $34,230 in a nonpayment summary proceeding.

ORDERED that the order, insofar as appealed from, is affirmed, without costs.
In this nonpayment summary proceeding, no respondent appeared or answered and landlord moved for, and was granted, a default final judgment of possession. After the warrant was executed, Rachel King claimed to be an occupant of the premises and moved to be restored to possession. By order dated March 6, 2024, the Civil Court (Jason Vendzules, J.), insofar as is relevant on appeal, granted Rachel King's motion to the extent of ordering that she be restored to possession of the apartment conditioned upon her paying $34,230 in arrears and costs.
Rachel King appeals from so much of the order as conditioned restoration upon payment of the arrears and costs, arguing that there were necessary repairs which justified the withholding of rent. She did not make any allegations regarding repairs in her motion and, in any event, a breach of the warranty of habitability is not a defense that can be raised by an occupant who is not a party to the lease (see Cambridge Hgts. HDFC v McCormick, 61 Misc 3d 154[A], 2018 NY Slip Op 51813[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2018], citing Wright v Catcendix Corp., 248 AD2d 186 [1998]).
Accordingly, the order, insofar as appealed from, is affirmed.
TOUSSAINT, P.J., MUNDY and QUIÑONES, JJ., concur.
ENTER:
Jennifer Chan
Acting Chief Clerk
Decision Date: December 5, 2025